IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOSE FRANCISCO-VALLE**                                                      **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 5:20-cv-97-DCB-MTP**

**MR. BANKS, ET AL.**                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with an order of this Court. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On March 11, 2020, Plaintiff filed this action and a Motion to Proceed *in forma pauperis* [2]. The Court denied Plaintiff's IFP Motion [2]. On June 10, 2020, Plaintiff submitted his filing fee, and the next day, the Court provided instructions concerning service of process and advised Plaintiff that he is responsible for service of process pursuant to Fed. R. Civ. P. 4. *See* Memorandum [13].[1]

On August 4, 2020, Plaintiff filed a Motion for Additional Time [14], which the Court construed as a motion for additional time to serve process. The Court granted the Motion [14] and directed Plaintiff to serve each defendant and file proof of service by October 5, 2020. *See* Order [15]. The Court warned Plaintiff as follows: "Any defendant who is not served and for whom proof of service is not filed of record as to October 5, 2020 may be dismissed from this

---

[1] Weighing all doubts in Plaintiff's favor, the 90-day time limitation for service of process set forth in Rule 4(m) began to run on June 10, 2020, the date the filing fee was paid. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 799 (N.D. Tex. 2005); *Ellis v. Principi*, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004).

case without prejudice and without further notice." *Id*.  To date, Plaintiff has not filed a proof of service or even had a summons issued, and no Defendant has appeared.

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the compliant is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Additionally, pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute this action and to comply with the Court's orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 8th day of October, 2020.

s/ Michael T. Parker
United States Magistrate Judge
